# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
JONATHAN B. GOLDSMITH, ESQ.,
BAR NO. 11805.

No. 67013

FILED

JAN 0 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that we approve a conditional guilty plea in exchange for a stated form of discipline pursuant to SCR 113 for attorney Jonathan B. Goldsmith. Under the agreement, Goldsmith admitted to 12 violations of RPC 1.3 (diligence), 14 violations of RPC 1.4 (communication), 9 violations of RPC 1.5 (fees), 5 violations of RPC 1.15 (safekeeping property), 1 violation of RPC 1.16 (declining or terminating representation), 1 violation of RPC 3.3 (candor toward tribunal), 15 violations of RPC 5.3 (responsibilities regarding nonlawyer assistants), 10 violations of RPC 5.4 (professional independence), 12 violations of RPC 5.5 (unauthorized practice of law), 4 violations of RPC 7.1(b) (communications concerning a lawyer's services), and 1 violation of RPC 8.4 (misconduct).

The agreed-upon discipline provides for a two-year suspension, with a nine-month actual suspension, and the remainder stayed, pending compliance with the following conditions:

(a) During the two-year period commencing August 1, 2014, Goldsmith shall promptly comply with all requests for information from the State Bar, including but not limited to, copies of bank statements and case lists;

SUPREME COURT
OF
NEVADA

(O) 1947A

16-00527

(b) During the two-year period commencing August 1, 2014, Goldsmith shall not engage in any activity which results in public discipline, including a Letter of Reprimand;

(c) Goldsmith must participate in a treatment program in accordance with the recommendations provided by Dr. Michael Levy, a licensed medical physician specializing in addictions, in his report dated September 14, 2013;

(d) Goldsmith shall obtain and provide the Office of Bar Counsel with an updated evaluation from Dr. Levy, or a licensed medical physician specializing in addictions, every six months. Goldsmith is required to follow any amended recommendations that may be contained in the updated evaluation reports;

(e) Goldsmith shall abstain from drugs and alcohol, except as prescribed by a licensed Nevada physician and filled by a local pharmacy. Mind-altering drugs obtained via the Internet, including but not limited to Xanax, hydrocodone, Ambien, oxycodone, valium, soma, or other similar pain/muscle or relaxant/sleeping pills shall not be considered part of the prescription exception, nor shall stimulant-type "weight control" drugs be considered part of this exception;

(f) Goldsmith will submit to random drug/alcohol testing within four hours of the Office of Bar Counsel's request during the term of this Agreement, with costs to be paid by Goldsmith at the time of testing. The manner and timing of testing will be completely within the discretion of the Office of Bar Counsel, and may include urine or hair testing. A copy of the test shall be furnished to the Office of Bar Counsel immediately, with or without Goldsmith's consent;

(g) Goldsmith shall promptly notify the Office of Bar Counsel about any relapse in his recovery, including but not limited to, any admissions for detoxification, outpatient rehabilitation treatment, inpatient rehabilitation treatment, etc. Goldsmith shall provide the dates of stay, facility name and address, and the name of the attending health care professional;

(h) Goldsmith shall meet with his mentor twice a month. During this meeting, Goldsmith shall discuss his calendar, his workload, his stress levels and how he is managing them, his goals, and any other issues pertaining to his legal practice. The mentor shall provide guidance to Goldsmith to assist him in maintaining his law practice;

(i) Should Goldsmith attend any AA meetings through Lawyers Concerned for Lawyers (LCL), Goldsmith waives his confidentiality privilege to the extent that an LCL representative may verify Goldsmith's attendance at meetings;

(j) Goldsmith shall sign a HIPAA authorization to allow the Office of Bar Counsel to obtain any medical reports related to Goldsmith's treatment identified herein. The purpose of the release is solely to allow Bar Counsel to monitor whether the terms and conditions of his plea are being adequately complied with;

(k) Goldsmith shall not be convicted of any crime with the exception of minor traffic infractions that do not involve alcohol or controlled substances; and

(l) Should Goldsmith relocate from Nevada or should his license status change to inactive during the term of his stayed suspension, the terms of subsections (f) and (h) will not be mandatory.

The parties also agreed that Goldsmith would pay $7,740 in restitution to certain former loan-modification clients within one year.[1]

Having reviewed the record, we conclude that the plea agreement should be approved to the following extent.[2] *See* SCR 113(1). Goldsmith is hereby suspended from the practice of law for two years, with nine months' actual suspension; the remainder of the two-year suspension is stayed, pending compliance with the conditions set forth above.[3]

---

[1]Specifically, Goldsmith was to pay Jaime Neivarez $740; Jesus Regis $1,480; Santiago Santos $740; Armando Yanez $800; Francisco Diaz Haro $1,250; Gaylenne Kim-Mistrille $1,250; and Kathy Ledford $1,250.

[2]We approve the parties' stipulation to correct the record and have considered the information therein, including the additional mitigating factors identified, in making our decision.

[3]The agreement also set forth two additional conditions to be applied upon any reinstatement of Goldsmith: that for two years after reinstatement he (1) submit quarterly reports to the State Bar regarding all trust accounts in his name or in the name of any other person on behalf of any of his business entities in which client funds are placed, and (2) submit all proposed advertisements through the Standing Lawyer Advisory Committee's predissemination process to ensure compliance with the applicable Rules of Professional Conduct. We decline to preapprove the conditions of Goldsmith's reinstatement, if any, but note that a panel considering a petition for reinstatement by Goldsmith should consider these recommended conditions along with any other appropriate conditions identified at that time.

Goldsmith shall pay the costs of the disciplinary proceedings within 90 days. The parties shall comply with the applicable provisions of SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

DOUGLAS, J., with whom SAITTA, J., agrees, dissenting:

I would reject the conditional guilty plea agreement.

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Gabriel Eliahu Raviv
Chair, Southern Nevada Disciplinary Board
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court